



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 29, 1939

Hon. Yarks E. McMichael
County Attorney
Cass County
Linden, Texas

Dear Sir:

Opinion No. O-675
Re: Nepotism.

Your request for opinion upon the following questions:

"Is the appointment and confirmation by the county commissioners' court of a deputy district clerk who is a sister of the acting county judge a violation of the nepotism law?"

"Is the appointment by the district clerk of his step-mother-in-law as deputy contrary to the nepotism law?".

has been received by this department.

Article 432, Penal Code of Texas, reads as follows:

"No officer of this state or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this state, or any officer or member of any state, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this state, or any member of the Legislature, shall appoint

or vote for, or confirm the appointment to
any office, position, clerkship, employment
or duty, of any person related within the
second degree by affinity or within the third
degree by consanguinity to the person so ap-
pointing or so voting, or to any other mem-
ber of any such board, the Legislature, or
court of which such person so appointing or
voting may be a member, when the salary,
fees, or compensation of such appointee is
to be paid for, directly or indirectly, out
of or from public funds or fees of office
of any kind or character whatsoever."

Article 3902, Revised Civil Statutes of Texas,
in part, reads as follows:

"Deputies -- appointment of -- Whenever
any district, county or precinct officer shall
require the services of deputies, assistants
or clerks in the performance of his duties
he shall apply to the County Commissioners'
Court of his county for authority to appoint
such deputies, assistants and clerks, stating
by sworn application the number needed, the
position to be filled and the amount to be
paid. Said application shall be accompanied
by a statement showing the probable receipts
from fees, commissions and compensation to be
collected by said office during the fiscal
year and the probable disbursements which shall
include all salaries and expenses of said
office; and said court shall make its order
authorizing the appointment of such deputies,
assistants and clerks and fix the compensation
to be paid them within the limitations herein
prescribed and determine the number to be
appointed as in the discretion of said court
may be proper; provided that in no case shall
the Commissioners' Court or any member thereof
attempt to influence the appointment of any
person as deputy, assistant or clerk in any

office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:...."

This department has repeatedly ruled that the appointment of a relative of the commissioners' court by another county officer as a deputy is not in violation of the nepotism law and that the fact that the commissioners' court sets the number of deputies to be appointed does not amount to a confirmation of the appointment.

On February 9, 1932, this department held, in an opinion by Hon. R. G. Waters, Assistant Attorney General, that it was not a violation of the nepotism law for a tax collector to appoint as his assistant or deputy a son of a county commissioner after the commissioners' court had authorized the appointment of such deputy in accordance with Article 3902, Revised Civil Statutes of Texas.

On March 2, 1935, this department held in an opinion by Hon. C. M. Kennedy, Assistant Attorney General, that a deputy sheriff who is a first cousin of one of the members of the commissioners' court would not be prohibited from serving as such or did his appointment by the sheriff violate the terms of Article 432, Penal Code of Texas, or the allowance of his salary by the commissioners' court constitute a violation of such nepotism law because the commissioners' court did not appoint or vote for or confirm the appointment of such deputy sheriff.

On September 21, 1935, this department held in an opinion by Hon. Joe J. Alsup, Assistant Attorney General, that a person related to the county judge in the prohibitive degree may serve as deputy clerk and the fact that



Hon. Parks E. McMichael, May 29, 1939, Page 4

the commissioners' court sets the number of deputies
to be appointed does not amount to a confirmation.

This department held on December 29, 1936,
in an opinion by Hon. William McCraw, Attorney General
of Texas, that the appointment of an uncle of one of
the members of the commissioners' court as assistant
district attorney was not a violation of the nepotism
law of the state of Texas.

On July 6, 1937, this department held in an
opinion by Hon. J. H. Broadhurst, Assistant Attorney
General, that appointment of a relative of the commission-
ers' court by another county officer as a deputy was not
in violation of the nepotism law.

Under the provisions of Article 3902, Revised
Civil Statutes, the county officer desiring deputies,
makes the application outlined in said article to the
commissioners' court for the authority to appoint such
deputies. The commissioners' court grants the authority
to appoint to the officer and sets the salary before the
appointment is made. The commissioners' court has no
authority to attempt to designate whom the officer shall
appoint and is specifically forbidden to do so by this
article. The commissioners' court does not confirm the
appointee.

In answer to your first question, you are re-
spectfully advised that it is the opinion of this depart-
ment that it is not a violation of the nepotism law for
the district clerk to appoint a deputy district clerk
who is a sister of the acting county judge of the county.
You are further respectfully advised that it is the opin-
ion of this department that in such case the commissioners'
court does not confirm the appointment.

With reference to your second question, you are
respectfully advised that this department has repeatedly
ruled that relationship by affinity includes only the re-
lationship of the husband to his wife's blood kindred or

relationship of the wife to the husband's blood kindred, and that persons related only by affinity to the husband are not related to the wife and vice versa, persons related only by affinity to the wife are not related to the husband. We respectfully refer you to the opinion of this department written February 16, 1914, by Hon. C. A. Sweeten, Assistant Attorney General.

Affinity is the tie which exists between one member of a marriage and the blood relations of the other member; it arises in consequence of a marriage. 25 Tex. Jur., Sec. 40.

There is no affinity between the kinsmen of both the husband and wife, such as a brother of the husband and a sister of the wife. This is termed by the medical profession as affinitas affinitatis. Because the connection is not formed between one spouse and the kinsmen of the other. Seabrook vs. First National Bank, 171 SW 247. The county court judge whose daughter was the wife of litigant's son was not related by affinity to the litigant to disqualify him from sitting in the cause. Williams vs. Foster, 233 SW 120.

On September 26, 1938, this department held in an opinion by Hon. R. E. Gray, Assistant Attorney General, that a district clerk could not employ as his deputy the wife of his wife's father, said wife not being the mother of the wife of the district clerk, and would be in the prohibitive degree and the same effective relationship by affinity. This opinion is hereby expressly overruled and withdrawn.

You are therefore respectfully advised that in answer to your second question, it is the opinion of this department that the district clerk is not related by affinity to his step-mother-in-law. You are further respectfully advised that it is the opinion of this department that the district clerk would not violate the nepotism

the law in employing his said step-mother-in-law as his deputy.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS